UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LEDEE,<br><br>    Plaintiff,<br><br>    v.<br><br>M. ELLIOT SPEARMAN,<br><br>    Defendant. | Case No. 16-cv-04616-DMR<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Lawrence Ledee, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been assigned to the undersigned Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On August 16, 2016, Petitioner consented to magistrate judge jurisdiction in this matter. [Docket No. 3.]

**ORDER TO SHOW CAUSE**

It does not appear from the face of the petition that it is without merit. Good cause appearing, the court hereby issues the following orders:

1.  The Clerk of the Court shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, as well as the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.

2.  Within **twenty-eight (28) days** of the issuance of this Order, Respondent shall complete and file the Magistrate Judge jurisdiction consent form to indicate whether he consents or declines to proceed before the assigned Magistrate Judge. Respondent is free to withhold

consent without adverse consequences.  If Respondent consents to a Magistrate Judge's jurisdiction, this case will be handled by the undersigned Magistrate Judge.  If Respondent declines, the case will be reassigned to a District Judge.  Whether Respondent consents or declines to proceed before the assigned Magistrate Judge, the parties shall abide by the briefing schedule below.

3. Respondent shall file with this court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on Respondent within **twenty-eight (28) days** of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date Petitioner is served with Respondent's Answer.

5. Respondent may file with this court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files a motion to dismiss, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court and Respondent informed of any change of address and must comply with the court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the court by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

1  deadline sought to be extended.

3  **IT IS SO ORDERED.**

4  Dated: August 29, 2016

_____
Donna M. Ryu
United States Magistrate Judge