UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LEDEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M ELLIOT SPEARMAN,<br><br>　　　　　Defendant. | Case No. 16-cv-04616-JD<br><br>**AMENDED ORDER RE MOTION TO DISMISS; ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 10 |

At the Ninth Circuit's request, the Court amends this order to state that a certificate of appealability is denied for the reasons stated on page two. The order is not amended in any other respect.

Defendant M. Elliot Spearman moves to dismiss Lawrence Ledee's petition for writ of habeas corpus on the grounds that it is untimely and procedurally defaulted. The petition is dismissed as untimely under 28 U.S.C. § 2244(d).

**DISCUSSION**

Section 2244(d) provides a one-year period of limitation for a habeas petition by a person in custody pursuant to a state court judgment. This period begins on the latest of four dates, described in Sections 2244(d)(1)(A) through (D). Most pertinent here is the application of Section 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Ledee argues that the factual predicate of his claim was not discovered until February 9, 2015, and that the claim "relies on a newly discovered legal issue." Dkt. No. 13 at 4-5. Both of these arguments miss the mark. In addition to showing that the claim was not actually discovered, Ledee must show that the facts could not have been discovered through the exercise of due diligence. *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). All of the facts underlying

Ledee's petition could have been discovered through the exercise of due diligence by the date of the sentencing hearing, October 17, 2012. Dkt. No. 1; *see United States v. Battles*, 362 F.3d 1195, 1998. Counsel's formulation of a new legal theory based on known facts does not count against the limitations period. *Ford*, 683 F.3d at 1235.

Ledee does not dispute that his conviction became final on May 20, 2014 for purposes of Section 2244(d)(1)(A), and that Sections 2244(d)(1)(B) and (C) do not apply. Dkt. No. 13 at 4-5. In that case, the petition is untimely irrespective of whether statutory tolling is appropriate under Section 2244(d)(2) during the pendency of Ledee's state habeas petition. Dkt. No. 10 at 4; Dkt. No. 13 at 4 ("Petitioner does not dispute Respondent's calculations"). Ledee makes no argument for equitable tolling, and the Court does not find it appropriate here. Consequently, the petition is dismissed with prejudice.

The Court also denies a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has failed to make a "substantial showing of the denial of a constitutional right" on a claim. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining that an applicant satisfies this standard where he or she shows that reasonable jurists could find the issues debatable or that the issues are "adequate to deserve encouragement to proceed further").

**IT IS SO ORDERED.**

Dated: October 26, 2017

JAMES DONATO
United States District Judge